JAMES T. KELLEY, Respondent, v. WILLIAM S. SITLINGTON, Appellant.

Kansas City Court of Appeals, May 1, 1893.

Chattel Mortgage: ATTACHMENT: SURETY ON FORTHCOMING BOND: PRIORITY. A surety on a forthcoming bond in an attachment proceeding may purchase the attached property at the foreclosure sale of a prior chattel mortgage and can replevy the same from the sheriff who seizes it under the attachment proceeding, and is not, by reason of his suretyship, estopped from setting up title in himself, as in cases where a forthcoming surety undertakes to set up title in himself as against his principal when the attachment was levied.

*Appeal from the Jackson Circuit Court.*—HON. R. H. FIELD, Judge.

AFFIRMED.

*Thomas F. Gatts,* for appellant.

Can it be said that this plaintiff, who by his own act caused the release of the property attached, by signing the forthcoming bond, without any claim to the property at the time or notice of claim, and by his silence cause a great injury to Nichol & Co., be allowed to set up at this late day an after acquired title to said

property or any claim to said property? The weight of authority and reason would say no.  *Mfg. Co. v. Bean,* 20 Mo. App. 111; *Dickson v. Anderson,* 9 Mo. 156; *Page v. Butler,* 15 Mo. 76; *Burseley v. Hamilton,* 15 Pick. 40; *Haxton v. Sizer,* 23 Kan. 310; *Sparks v. Shropshire,* 4 Bush (Ky.), 550; *Hundley v. Felbut,* 73 Mo. 34; *Butts v. Collins,* 13 Wend. 138; *Debach v. Murries,* 45 Cal. 223; *Staples v. Fillmore,* 43 Conn. 510; *Wolf v. Hahn,* 28 Kan. 588; *Doggett v. O'Dell,* 3 Hill, N. Y. 215; *Billingsby v. Harris,* 79 Wis. 103; *Holcomb v. Nelson Lumber Co.,* 39 Minn. 342; *Bangs v. Beacham,* 68 Me. 425; *Holt v. Burbank,* 47 N. H. 164; *Smith v. Cudworth,* 24 Pick. 196.

*Fyke & Hamilton,* for respondent.

James T. Kelley acquired under the chattel mortgage sale of Daniel T. Kelley all the title which Hursig & Russell had at the time said mortgage was executed and delivered to Daniel T. Kelley, which was previous to the attachment in the suit of A. A. Nichol & Co. v. Hursig & Russell, and stands in the same position that any other purchaser could have stood at the sale; and said A. A. Nichol & Co. occupy no higher or better position than second mortgagees would have occupied. The fact that James T. Kelley was an obligor on the forthcoming bond of Hursig & Russell in the suit of A. A. Nichol & Co. v. Hursig & Russell could not change his position or affect his title to said property acquired under said sale. The bond was not forfeited, and could not be forfeited until James T. Kelley had been notified as provided in section 575 of Revised Statutes, and given a hearing.

GILL, J.—In July 1890, Nichol began a suit by attachment against Hursig & Russell, and the writ was

levied on certain machinery, tools, etc. The property thus seized was then subject to a prior chattel mortgage, duly recorded, held by Daniel Kelley. Hursig & Russell gave a forthcoming bond as provided for in the statute (section 544, Revised Statutes, 1869), with plaintiff J. T. Kelley as security. Said Hursig & Russell then retained possession of the attached property until the September following, when, on default in the payment of the mortgage debt, Daniel Kelley, the mortgagee, took possession of the property, advertised and sold the same at public sale, and plaintiff, J. T. Kelley, became the purchaser. Several months thereafter Nichol got judgment against Hursig & Russell, both for his debt and sustaining his attachment. In October, 1891, and more than a year after J. T. Kelley had purchased and taken possession under the sale enforcing the prior mortgage, Nichol caused an execution on his judgment to be levied on the property, and the defendant Sitlington, as sheriff, took the same from Kelley. Thereupon plaintiff instituted this suit in replevin. Trial was had before the court without a jury, resulting in a judgment for plaintiff, and defendant appealed.

The matter for determination is this: Did plaintiff, Kelley, under the facts above stated, acquire title to the property in dispute superior to and exclusive of the Nichol's attachment? The trial court held in the affirmative, and we are clearly of the opinion that such holding was correct. No question is made as to the priority, regularity and entire good faith of the mortgage under which Kelley purchased, and that he bought at a public sale conducted in the manner provided by the mortgage deed. Admit that the levy of the attachment created a lien; but yet that lien was subsequent in point of time, and therefore subject to the prior mortgage. The attachment then could only reach the

equity of redemption then resting in the mortgagors; but a sale under the mortgage extinguished such equity of redemption.

But it is insisted that plaintiff Kelley is estopped now from setting up title in himself by reason of becoming an obligor in the forthcoming bond for the return of the property, etc., entered into in July, 1890, when the attachment was levied.

This contention is grounded on that line of cases (cited in defendant's brief) which in effect hold, that where property is attached as belonging to A., and B. gives a forthcoming bond, admitting the property to belong to A. and agreeing to produce the same when and where the court may order, etc., then on a suit on such bond B. will not be heard to say in defense that when the attachment was levied *he* and not A. was the owner. But this is not that kind of case. Kelley's claim of title subsequently acquired under the foreclosure of a prior chattel mortgage is not inconsistent with the admission that the attached debtors owned the property when the attachment was made and the forthcoming bond executed. He does not now attempt to claim that *when the property was attached* that he and not the attachment debtors was the owner. But on the other hand he admits their ownership at that time, but asserts a right by him *subsequently acquired* under the foreclosure sale of a lien prior and therefore superior to the attachment lien. We know of no rule—in law or reason—that will deny the right in a surety on a forthcoming bond to subsequently purchase the attached property at a sale made under a prior mortgage.

Judgment affirmed. All concur.